Martin, J.
delivered the opinion of the court. The defendant’s counsel contends that the intention of the parties manifestly was that a passage of two feet three inches was to be given, and the district court so determined it.
That a passage of four feet in width was stipulated, and contracted for, the words of the partition deed do not allow us to doubt. The only question, which might have arisen, in this case, is whether equity would not, had the case appeared a proper one, have compelled the plaintiff to accept a commutation, to be satisfied with a reasonable compensation, during the existence of the building which obstructs his passage. If it had been shown that the building is a very valuable one, and that its reduction, to the size it was intended to have by the parties, would be attended with such an inconvenience and expense, as bore no possible proportion to the benefit he could reap from a specific performance of the defendant’s obligation, we are not ready to say that he might not be compelled to accept a pecuniary retribution, during the reasonable existence of the building. *10 But the building, the property of an old negro woman, thirteen feet nine inches wide, not alledged to be built of brick or new, may most likely be reduced, at a much less expense than would attend the remanding this case, in order that the proper costs of the reduction might be ascertained. This is the only remedy of which the defendant’s case is susceptible, and we are not by the record enabled to apply it; it was not asked in the pleadings.
Left, therefore, to ascertain the intention of the parties from their words, the conclusion is irresistible that a passage four feet wide was intended and is due.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and proceeding to give such a judgment, as in our opinion ought to have been given in the district court, it is ordered, adjudged and decreed that the defendant do leave a passage of four feet in width in the whole length of her lot for the use of the plaintiff, and that she pay costs in both courts.

 The cases of this term are continued from the preceding volume.