Martin, J.
This case was before us some weeks ago, ante 408,* and the facts of it appear in the opinion then pronounced. The judgment of the court a quo was then affirmed, on the appeal of the defendant.
*725 East’n District.
May, 1821.
The plaintiff, on the authority of the case of Poeyfarré vs. Delor, 6 Martin, 10, brought the cause up, in order to have an error to her disadvantage as she alleges corrected. She urges, that the injunction which she obtained in limine litis, ought not to have been dissolved.
Her counsel contends, that neither the original defendant, nor the present who has intervened, has shewn a legal title or possession to the lot adjoining her’s; that her lot was actually built on; and that the territorial legislature had not the right of enacting the part of the Civil Code, on which the defence rests.
The testimony in the case, particularly that of Pilié, shews, that Jackson was in possession of the lot adjoining that of the plaintiff, as far as possession may be had of a vacant lot. He employed labourers to work on, and Pelié to survey it. All the witnesses speak of the lot as Jackson’s. This, in my opinion, ought to suffice. The possessor of a lot ought not to be prevented from improving it, by a person who does not possess a right thereto. I conceive, that if it were not so, the plaintiff needs not to apprehend, as her counsel is pleased to do, that if the wall be *726 built, and she purchases a moiety, she may lose the benefit of the half of it, by the act of the owner of the lot, who may pull the whole down. I think, that as she might, at any time erect such a wall, she may successfully resist its destruction, after having paid for one half of it. The law abhors waste, and no party could insist on the demolition of a wall, the building of which he would be obliged instantly to submit to.
The Civil Code provides, that he who builds first in the city, towns and suburbs of the territory, in a place which is not surrounded by walls, may rest one half of his on the land of his neighbour. Civil Code, 132, art. 23. The object of the legislature was clearly to promote the inclosure of lots, with stone or brick-walls, as much as possible; and the circumstance of a house having been already erected on the adjoining lot, does not preclude the party from the benefit of the provision, when the partition or wall does not interfere with any building previously erected.
The territorial legislature was not, in fact, as far I can ascertain, disabled from passing this part of the Code.
I have considered the case, as if the wall *727 was partly on the plaintiff’s land, which is, as to her, the most favourable point of view.
Hennen for the plaintiff, Livermore for the defendant.
I think we ought to affirm the judgment with costs.

 The arguments of counsel, on this second appeal, were by accident, placed before the judgment, on the first.