## LAFON'S EXECUTORS vs. M*ADE*. RIVIERE EXECUTRIX OF J. B. RIVIERE.

After a cause
has been at is-
sue nine years,
it is too late for
the defendant to
plead in abate-
ment.
Arbitrators
who have not
reported within
the time fixed by
the order of
court may be re-
appointed.
When the de-
mand is unli-
quidated inter-
est does not run
from judicial
demand.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action on an open account. The cause has been already before the court, and was remanded for a new trial. 6 *Martin*, 1. The proceedings, anterior to the first judgment, are fully stated in the former opinion, and are unnecessary to be repeated for the understanding of that which we are now to pronounce.

There was judgment against the defendant for the sum of $3,389, 78 cents, with interest from the 19th December, 1810, and costs of suit: she appealed.

The first question to be decided, is on a plea in abatement, offered by the defendant since the cause was remanded from this court. She pleaded that her office of executrix had long since expired, and that she had settled

her administration and had been legally dis-
charged. We think this objection came too
late, and that the court did not err in re-
fusing the appellant the benefit of it. The
cause had been at issue nine years, and the
want of capacity is pleaded to have existed
for a length of time previous to the filing of
the plea. It should have been offered ear-
lier. Dilatory pleas cannot be received, when
the party who has a right to claim their be-
nefit has waved them, by suffering the suit to
proceed almost to a termination on its merits.
*Curia Phillipica, p.* 1, § 13 ; *Dilaciones, no.* 6 ;
*Febrero, juicio de ordinario, lib.* 3, *cap.* 1 § 4,
*no.* 197.

The counsel for the plaintiffs, having moved
the court to appoint arbitrators or referees,
the legal time, within which, those already
named should have made their award, being
expired, and the court having re-appointed
the persons originally selected for that pur-
pose, on the ground that they had already
made some progress in their labours, the de-
fendant's counsel took an exception, because,
some impression must exist on their minds, on
the matters submitted to them. This objec-
tion we consider as wholly untenable. It has

East'n District.  for its basis, the principle, that a man must
*March*, 1823.

LAFON'S EXS.
*vs*
RIVIERE'S EX.

not make up his mind, in a complex case, by degrees, on different parts of it, and that if he does, he is disqualified from coming to a correct conclusion on the whole—a position, which it is surely unnecessary to confute.

On the merits, nothing has been shown, which enables us to come to a different conclusion from the arbitrators and the court of the first instance. Nor does it appear, that we have all the evidence before us they had.

The arbitrators were of opinion that the plaintiffs were not entitled to any interest. The district court thought they erred in that particular, and allowed it from the judicial demand, in the year 1810. This has been complained of by both parties—the one insisting that interest should run from judicial demand, under the Spanish government, in the year 1799—the other, that none ought to be given. As the account on which suit was brought, was unliquidated, we do not think the arbitrators committed any error, in refusing to accord interest on the sum which they decided to be due. The delay necessary for ascertaining the just amount in which the defendant stood indebted, cannot be con-

sidered that tortious one which gives rise to interest—5 *Martin*, 388; 6 *ibid.* 689. The plaintiff, in the present case, contributed greatly to the delay, by asking more than was due. The case in 3 *Martin*, was immediately after the organization of the court, and the principle which ought to decide such cases, has been since settled, in a manner more to our satisfaction.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed; and that the plaintiffs do recover of the defendant, the sum of $3389 78, with interest from this date, until paid; and it is further ordered, that the defendant pay the costs in the inferior court, and that the plaintiff and appellee pay the costs of this appeal.

*Hennen* for the plaintiffs, *Seghers* for the defendant.